IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**DANIEL H. JONES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County
Nos. S52468, S53124, S53126, and S53127    James F. Goodwin, Judge**

_____

**No. E2017-02026-CCA-R3-CO**

_____

The pro se Appellant, Daniel H. Jones, appeals from the Sullivan County Criminal Court's order denying his motion for declaratory relief. Tenn. Code Ann. § 29-14-102(a). The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the judgment of the Sullivan County Criminal Court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed
Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Daniel H. Jones, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; and Barry P. Staubus, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

**I. Factual Background**

The procedural history of the challenged judgments was summarized in this court's 2015 opinion affirming the trial court's denial of the Appellant's motion to correct illegal sentences. See Tenn. R. Crim. P. 36.1.

In August of 2008, Defendant was convicted of possession of .5 grams or more of cocaine with the intent to sell in Case Number S53,124.

Defendant was sentenced to eleven years in incarceration as a Range I, standard offender for this conviction. Defendant filed a direct appeal of this conviction. This Court found that the evidence was sufficient and that the trial court did not abuse its discretion in admitting the evidence. See State v. Daniel H. Jones, No. E2010-00016-CCA-R3-CD, 2011 WL 2347711, at *1 (Tenn.Crim.App. June 6, 2011), perm. app. denied (Tenn. Sept. 21, 2011) ("Jones I").[1]

On the same day in 2008 that the trial court sentenced Defendant in Case Number S53,124, Defendant pled guilty in three additional cases. In Case Number S52,468, Defendant pled guilty to one count of aggravated assault, a Class C felony. In Case Number S53,126, Defendant pled guilty to one count of possession of .5 grams or more of cocaine for sale, a Class B felony; one count of drug paraphernalia, a Class A misdemeanor; and one count of maintaining a dwelling where drugs are used or sold, a Class D felony. In Case Number S53,127, Defendant pled guilty to possession of cocaine for sale, a Class C felony. For all felony offenses, Defendant was sentenced as a Range I, standard offender.

Pursuant to the plea agreement, Defendant was sentenced, in Case Number S52,468, to a sentence of four years for aggravated assault; in Case Number S53,126, to sentences of twelve years for possession with intent to sell, eleven months and twenty-nine days for possession of drug paraphernalia, and two years for maintaining a dwelling where drugs are used or sold; and in Case Number S53,127, to a sentence of four years for possession with intent to sell. Id. The sentences in each case were ordered to be served consecutively, with the sentences in Case Number S53,126 running concurrently with each other, for a total effective sentence of twenty years as a Range I, standard offender. Id. This effective twenty-year sentence was ordered to be served consecutively to the eleven-year sentence in Case Number S53,124, for a total sentence of thirty-one years. See State v. Daniel Henderson Jones, No. E2009-00182-CCA-R3-CD, 2010 WL 2812621, at *1 (Tenn.Crim.App. July 16, 2010), perm. app. denied (Tenn. Nov. 12, 2010) ("Jones II").[2]

Defendant filed a motion for reduction of sentence, in which he alleged that the total length of his sentences exceeded the sentencing range for a Range I, standard offender for a single Class B felony. Id. This Court determined that "the sentences were imposed pursuant to a plea agreement, and . . . all elements of the sentencing decision were agreed to by the parties and not open to consideration by the trial court." Id. at *3. Because "no new developments" had occurred, this Court determined in Jones II that the

2

trial court did not abuse its discretion in denying Defendant's motion for reduction of sentence. Id.

. . . . . On October 2, 2014, Defendant filed a motion for correction of an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure ("the Rule"). Accompanying the motion were an affidavit and memorandum of law. Defendant argued that his sentence was "beyond the range of his punishment . . . for his class of offense." In other words, he complains that he was sentenced to more than twelve years as a Range I, standard offender for a Class B felony. The trial court dismissed the motion without a hearing and without appointment of counsel, finding as follows:

> None of [Defendant's] class B felony convictions are for more than twelve years. [Defendant] has failed to state a colorable claim as to his assertion. The length of sentence in each of [Defendant's] cases is authorized by statute. [Defendant] did not receive a sentence outside of Range I for any class of felony for which he was convicted.
> [Defendant] also makes vague assertions that he did not understand his sentence or that he believed he was being sentenced as a mitigated offender. However the guilty plea acceptance form belies these assertions because it clearly outlines the length of the agreed sentence as well as the range of punishment. . . .

State v. Daniel H. Jones, No. E2014-02463-CCA-R3-CD, 2015 WL 4505959, at *1-2 (Tenn. Crim. App. July 24, 2015) (footnotes omitted), perm. app. denied (Tenn. Oct. 16, 2015). This court affirmed the trial court's denial of relief, concluding that the Appellant failed to state a colorable claim for Rule 36.1 relief. Id. at *3.

On July 28, 2017, the appellant filed in the Sullivan County Criminal Court a "Request for Declaration of Rights," citing Tennessee Code Annotated section 29-14-102(a), the Declaratory Judgment Act. Although the claims asserted are ambiguous, the appellant sought relief from his judgments based upon allegations of double jeopardy violations and, once again, a claim of illegal sentencing. The appellant also sought damages totaling $300,000 in his request. On September 18, 2017, the trial court summarily denied relief, ruling that declaratory relief was not an appropriate method to challenge sentencing judgments. The appellant filed a timely notice of appeal to this court.

## II. Analysis

The State argues that the action is barred by the doctrine of sovereign immunity. In considering a claim brought pursuant to the Declaratory Judgment Act, this court has observed that

> . . . . Article I, section 17 of the Tennessee Constitution provides, "Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct. The traditional construction of the clause is that suits cannot be brought against the State unless explicitly authorized by statute." Colonial Pipeline Co. v. Morgan, 263 S.W.3d 827, 849 (Tenn. 2008). Tennessee Code Annotated section 20-13-102 (2009) further provides: "No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, fund, or property. . . ."

James Henry Dellinger v. State, No. E2013-02094-CCA-R3-ECN, 2015 WL 4931576, at *14 (Tenn. Crim. App. Aug. 18, 2015).

In this matter, the Appellant challenges the imposition of sentences in his original guilty-pleaded convictions, seeking a declaration that the sentences are illegal, in addition to monetary damages. "[B]ecause the [Appellant's] declaratory judgment action was not raised as a facial constitutional challenge to enjoin a state official from enforcing an unconstitutional statute," the Appellant is not entitled to relief. Id. Furthermore, the trial court correctly ruled that the Appellant cannot seek declaratory relief to challenge the length of his sentence. "The remedies of declaratory judgment, injunctive relief, civil rights remedies and mandamus cannot be used by an accused to challenge the length of his sentence." Herman Dezurn v. Wade Mathney, C.C.A. No. 88-225-III, 1989 WL 14155, at *1 (Tenn. Crim. App., at Nashville, Feb. 24, 1989), perm. app. denied (Tenn. June 5, 1989); see also Joby Lee Teal v. The Criminal Court of Shelby County, Tennessee, et al., No. W2011-02126-CCA-R3-CO, 2012 WL 2131108 (Tenn. Crim. App., at Jackson, June 13, 2012).

### III. Conclusion

Accordingly, we affirm the judgment of the Sullivan County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
NORMA MCGEE OGLE, JUDGE